WAHLSCHLAGER VS. THE TOWN OF LIBERTY.

*Bounties to drafted men — Power of towns to contract — Subsequent act legalizing proceedings — Necessity of ratification by town — Remedies.*

1. Without express legislative act empowering towns to levy taxes to pay drafted men, their inhabitants could not bind them by contract to such payment.

2. An act of the legislature, in 1866, in terms legalizes the proceedings of a meeting of the defendant town in 1864, and declares valid a tax voted thereat to pay bounties to drafted men, etc., and directs the levy and collection thereof. *Held,* that unless the act was ratified by the town, no action could be maintained against it *as upon a promise* to pay drafted men.

3. Whether plaintiff has any remedy under said act to compel a levy and collection of the tax, is not here decided.

APPEAL from the Circuit Court for *Manitowoc* County.

Action to recover bounty money alleged to have been voted by the defendant town in 1864, for volunteers and drafted men. The plaintiff claimed as one of the men drafted out of the town at that time, and also as assignee of other drafted men, whose claims, of a like nature, he had purchased for a valuable consideration. The complaint also set forth a special act of the legislature of 1866, legalizing the proceedings of said town, taken in 1864, and authorizing the levy of a tax to pay the bounties there voted, at the rate of $200 for each person drafted at that time from the town, and credited upon its quota.

A general demurrer was overruled, and defendant appealed from the order.

*Jason Downer,* for appellant, insisted, that, inasmuch as there was no general law authorizing towns to raise money for drafted men, the action of the defendant town was illegal and void, and no subsequent act of the legislature could lend any binding force to a promise or undertaking previously void, unless such act was ratified and accepted by the town itself. *Hasbrouck v. The City of Milwaukee,* 13 Wis. 37.

*J. D. Markhouse* and *Waldo, Ody & Van*, for respondent, contended that it was competent for the legislature to ratify and confirm the undertaking of the town implied in the vote taken in 1864, and that all defects in its proceedings at that time were cured by chapter 142, Pr. Laws of 1866. Smith on Stat. and Const. Law, § 252, p. 385; *Campbell v. Kenosha*, 5 Wall. 194, 203.

Dixon, C. J. The order overruling the demurrer must be reversed, for the reason that, at the time the town meeting in question was held, and the vote taken, there was no law authorizing the towns of this state to raise money by taxation to pay bounties to *drafted men*. The statutes then and theretofore in force only authorized the payment of bounties to *volunteers*, and the raising of money for the purpose of giving aid to the families of volunteers and of drafted men. Laws of 1864, ch. 39; Laws of 1862, Extra Session, ch. 13; Laws of 1861, Extra Session, ch. 2. The raising of money to be paid to drafted men as bounties, or in consideration of their entering the military service, was not authorized by any act of the legislature. This being so, it is clear that the voters or inhabitants of the town could levy no tax for the purpose of raising money to be paid to drafted men; and, if they could not levy a tax, it is equally clear that they could not make a promise or enter into a contract binding the town to such payment. Their proceedings were simply null and void; and being so, there existed no obligation on the part of the town to pay the plaintiff and those whose claims he represents, who were drafted men, prior to the passage of the act of March 21, 1866. Private Laws of 1866, ch 142. Does that act help the case of the plaintiff? We shall enter into no argument to show that if there was no obligation on the part of the town before the passage of the act, the legislature could not, without the concurrence of the inhabitants or proper authorities of the town, originate one upon

which an action at law as upon a promise may be maintained against the town. This is an elementary principle in the law of this country. If the act be valid for any purpose (and we do not decide it to be invalid), and if the plaintiff has a remedy under it, it must be by some proceeding to compel the levy and collection of the tax. See *May v. Holdridge* (*ante*, p. 93), and *Broadhead v. Milwaukee*, 19 Wis. 624.

*By the Court.* — Order reversed.